[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12512
Non-Argument Calendar

_____

D. C. Docket No. 06-00499-CR-T-23-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALENIO BONILLA-TELLO,

Defendant-Appellant.

_____

No. 07-12627
Non-Argument Calendar

_____

D. C. Docket No. 06-00499-CR-T-23-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MINA BRUNO-HERNANDEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(March 27, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alenio Bonilla-Tello and Jose Mina Bruno-Hernandez appeal their sentences imposed after their pleas of guilty to conspiracy and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b); 21 U.S.C. § 960(b)(1)(B)(ii); and 18 U.S.C. § 2. Both Bonilla-Tello and Bruno-Hernandez contend the district court erred at sentencing by denying them mitigating-role reductions, and assert their sentences are unreasonable. In addition to appealing their sentences, they have moved to adopt their co-conspirator's arguments that the district court lacked subject matter jurisdiction, and that the

Maritime Drug Law Enforcement Act is unconstitutional. After review, we affirm Bonilla-Tello's and Bruno Hernandez's convictions and sentences.

I.

Both Bonilla-Tello and Bruno-Hernandez assert they played minor roles in the larger conspiracy because they were simply crew members on the vessel carrying the cocaine. They contend the district court erred in denying them mitigating-role reductions.

Although the Sentencing Guidelines are advisory, a district court must calculate the Guidelines range correctly and must consider it when determining a defendant's sentence. *United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005). A district court's determination of a defendant's role in an offense is a finding of fact, which we review for clear error. *United States v. De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (en banc).

Section 3B1.2 of the Guidelines permits a mitigating-role adjustment to the applicable Guidelines range for a defendant who is substantially less culpable than the average participant due to a mitigating role. U.S.S.G. § 3B1.2, cmt. n.3. The defendant bears the burden of establishing that his role was minimal or minor by a preponderance of the evidence. *De Varon*, 175 F.3d at 939.

3

In determining whether a defendant meets the burden of demonstrating a mitigating role, a district court examines (1) the defendant's role based on the relevant conduct for which he was held accountable and (2) the defendant's role in comparison to the other participants. *Id.* at 940. In the drug courier context, relevant facts include, but are not limited to: the amount of drugs, their fair market value, the amount of money to be paid to the courier, an equity interest in the drugs, a role in planning the scheme, and the role in the distribution. *Id.* at 945. The drug quantity "may be the best indication of the magnitude of the courier's participation," and a drug courier's role is not presumed to be minor. *Id.* at 943. The defendant must establish that he played a minor role in the conduct for which he has been found guilty and not just a minor role in the larger conspiracy. *Id.* at 941-942, 944. Therefore, the district court may only assess a defendant's culpability in comparison to "other participants in the relevant conduct," *i.e.*, participants who are "identifiable or discernable from the evidence," and "who were involved in the relevant conduct attributed to the defendant." *Id.* at 944. Furthermore, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." *Id.*

With respect to the first prong of the *DeVaron* analysis, the record indicates that Bonilla-Tello and Bruno-Hernandez were held accountable for possessing and conspiring with others to distribute 2,700 kilograms of cocaine on board a vessel. Although Bonilla-Tello and Bruno-Hernandez objected that they were not aware of the actual quantity of drugs on the vessel, neither Bonilla-Tello nor Bruno-Hernandez objected to the amount of drugs found on the vessel or to the facts in the PSI. *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (holding a defendant admits facts when he does not object to the PSI's factual statements). With regard to Bonilla-Tello, the district court noted the seriousness of attempting to bring a large quantity of cocaine into the United States, and stated that "the quantity involved in this particular case also gravitates sternly away from any downward adjustment at least for a minor role." With regard to Bruno-Hernandez, the court noted the relevant conduct did "not include other episodes generated by the same international conspiracy." The court also stated "the quantity involved here virtually, if not absolutely, precludes the concept of minor role," and the quantity made it "extremely remote" that Bruno could show he was "materially less culpable than similarly situated defendants or other crewmen."

Regarding the second prong of the *De Varon* analysis, the other participants discernable from the evidence and involved in the relevant conduct are Bonilla-

5

Tello's and Bruno-Hernandez's codefendants, the boat operator who started the gasoline fire and later died, and the other injured crew members who were treated in Colombia and not brought to the United States for prosecution. Bonilla-Tello contends the district court should have evaluated his role in the broader conspiracy, and suggests a crewman's role in a boat case is generally minor. However, under *De Varon*, the roles of participants in any larger conspiracy are irrelevant. *De Varon*, 175 F.3d at 944. The record does not show that Bonilla-Tello's role was any different from any of the other crew members except, perhaps, the captain. Moreover, this Court does not presume that a drug courier plays a minor role in a drug distribution conspiracy, and has stated that the drug quantity is a significant factor in determining the courier's role. *De Varon*, 175 F.3d at 943.

Regarding Bruno-Hernandez, again, the record does not show his role was any different from any of the other crew members except, perhaps, the captain. However, even though Bruno's role may be less than that of the captain's, Bruno-Hernandez is not automatically entitled to a mitigating-role adjustment since it is possible that none of the participants are minor. *See De Varon*, 175 F.3d at 944. Moreover, this Court does not presume that a drug courier plays a minor role in a drug distribution conspiracy, and has stated that the drug quantity is a significant factor in determining the courier's role. *De Varon*, 175 F.3d at 943.

6

Bonilla-Tello and Bruno-Hernandez bear the burden of proving by a preponderance of the evidence that they were entitled to mitigating-role reductions, but, based on the close convergence between Bonilla-Tello's and Bruno-Hernandez's conduct and the conduct for which each was held accountable, they have failed to show their roles were less culpable than the roles of other average participants on the boat. *See De Varon*, 175 F.3d at 939, 944. Thus, the district court did not clearly err in determining that neither Bonilla-Tello nor Bruno-Hernandez qualified for a mitigating-role reduction.

## II.

With regard to the unreasonableness of their sentences, Bonilla-Tello and Bruno-Hernandez contend their sentences do not adequately reflect their need to provide for their families, who live in poverty. After setting out the applicable standard of review and relevant cases, we review their sentences in turn.

We review the final sentences imposed by the district court for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1244 (11th Cir. 2005). If we determine the district court committed no significant procedural error, we then consider the substantive reasonableness of the sentences imposed under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

7

Reasonableness review is deferential, and "there is a "range of reasonable sentences from which the district court may choose." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786 (citing 18 U.S.C. § 3553(a)). While the district court must consider the § 3553(a) factors, it is not required to discuss each factor. "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient . . . ." *Id.* A lengthy discussion of the § 3553(a) factors is not required in the typical case, as long as the sentencing judge "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). Although we do not apply a presumption of reasonableness to a within-Guidelines sentence, we will

8

ordinarily expect a sentence within the Guidelines range to be reasonable. *Talley*, 431 F.3d at 788.

With regard to the procedural reasonableness of Bonilla-Tello's sentence, the district court stated it had considered the advisory Sentencing Guidelines and the § 3553(a) factors. Although the district court did not state each of the factors individually, the record shows the court considered Bonilla-Tello's arguments for a below-range sentence on the basis of the 18 U.S.C. § 3553(a) factors. In particular, the district court considered Bonilla-Tello's individual and family circumstances, the nature of the offense, the need for punishment, and the sentences of similarly situated defendants. *See* 18 U.S.C. § 3553(a)(1), (2)(A), (6). The district court also found the sentence was "sufficient but not greater than necessary to comply with the statutory purposes of sentencing." *See* 18 U.S.C. § 3553(a). Accordingly, the district court's consideration of the § 3553(a) factors was sufficient. *See Rita*, 127 S. Ct. at 2468; *Talley*, 431 F.3d at 786.

Bonilla-Tello also has not established his sentence was substantively unreasonable. His 135-month sentences are at the low end of the advisory Guidelines range and below the statutory maximum of life imprisonment. 21 U.S.C. § 960(b)(1)(B)(ii). Therefore, this Court ordinarily would expect Bonilla-Tello's sentence to be reasonable. *See Talley*, 431 F.3d at 788. Bonilla-Tello

9

asserts his case was not in the "mine run" of national cases and that, therefore, he could show that an in-range sentence was not reasonable. However, he did not present, either below or on appeal, any law or unusual facts to support his argument. Indeed, the district court noted that Bonilla-Tello's circumstances were "tragic" but "typical" of similar cases in the division. Although there may be a range of reasonable sentences under Bonilla-Tello's circumstances, Bonilla-Tello has not shown the district court abused its discretion in imposing a sentence at the low end of the Guidelines range and well below the statutory maximum. *See Gall*, 128 S. Ct. at 597; *Talley*, 431 F.3d at 788.

With regard to the procedural reasonableness of Bruno-Hernandez's sentence, the district court stated it had considered the Sentencing Guidelines "to the extent applicable after *United States v. Booker*," as well as the § 3553(a) factors. Although the district court did not state each of the factors individually, the record shows the court considered Bruno-Hernandez's arguments for a below-range sentence on the basis of the 18 U.S.C. § 3553(a) factors. In particular, the district court considered Bruno-Hernandez's individual and family circumstances, the nature of the offense, the need for punishment, and the sentences of similarly situated defendants. *See* 18 U.S.C. § 3553(a)(1), (2)(A), (6). The district court also found the sentence was "sufficient but not greater than necessary to comply

10

with the statutory purposes of sentencing." *See* 18 U.S.C. § 3553(a). Accordingly, the district court's consideration of the § 3553(a) factors was sufficient. *See Rita*, 127 S. Ct. at 2468; *Talley*, 431 F.3d at 786.

Bruno-Hernandez also has not established his sentences are substantively unreasonable. Bruno-Hernandez's 210-month sentences were at the low end of the advisory Guidelines range, and below the statutory maximum sentence of life imprisonment. 21 U.S.C. § 960(b)(1)(B)(ii). Because Bruno-Hernandez's sentences were within the Guidelines range, this Court ordinarily would expect the sentence to be reasonable. *Talley*, 431 F.3d at 788. The district court noted that Bruno-Hernandez's higher sentence was a result of his higher criminal history but was otherwise "essentially the same sentence" as in the many "multi-ton boat cases over a period of years." The district court also noted there was "nothing to distinguish this case" from the others. The district court considered Bruno-Hernandez's arguments regarding his criminal history and found it was adequately represented. Although there may be a range of reasonable sentences under Bruno-Hernandez's circumstances, Bruno has not shown the district court abused its discretion in imposing a sentence at the low end of the Guidelines range and well below the statutory maximum. *See Gall*, 128 S. Ct. at 597; *Talley*, 431 F.3d at 788.

11

III.

Although Bonilla-Tello's and Bruno-Hernandez's attempted adoption of Estada-Obregon's arguments are arguably improper, we will exercise our discretion and grant Bonillo-Tello's motion to adopt, and consider Bruno-Hernandez's adoption in his reply brief. As we decided in the related case against co-conspirator James Estrada-Obregon, the district court did not plainly err in failing to *sua sponte* dismiss these cases on the basis that the vessel was not subject to the jurisdiction of the United States, or on the basis that there was no nexus with the United States. *See United States v. Estrada-Obregon*, No. 07-13517. In addition, the co-conspirators' remaining constitutional arguments are foreclosed by our previous decisions. *See id.*

IV.

The district court did not clearly err in denying mitigating-role reductions for Bonilla-Tello and Bruno-Hernandez, and the sentences are procedurally and substantively reasonable. In addition, the district court did not plainly err in failing to dismiss these cases for lack of jurisdiction or lack of nexus. Accordingly, we affirm Bonilla-Tello's and Bruno-Hernandez's convictions and sentences.

**AFFIRMED.**